**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ENVIRONMENTAL LAW & POLICY CENTER, ENVIRONMENTAL INTEGRITY PROJECT, GARY ADVOCATES FOR RESPONSIBLE DEVELOPMENT, AND JUST TRANSITION NORTHWEST INDIANA | ) ) ) ) ) ) | |
| *Plaintiffs*, | ) ) | Case No. _____ |
| v. | ) ) | |
| LEE ZELDIN Administrator of the U.S. Environmental Protection Agency 1200 Pennsylvania Ave. NW Washington, D.C. 20460, | ) ) ) ) ) | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |
| and | ) ) | |
| U.S. ENVIRONMENTAL PROTECTION AGENCY, 1200 Pennsylvania Ave. NW Washington, DC 20460, | ) ) ) ) | (Clean Air Act, 42 U.S.C. §§ 7401 *et seq.*) |
| *Defendants*. | ) ) | |

## SUMMARY OF THE CASE

1. This is a civil action for declaratory and injunctive relief, with costs and fees under the Clean Air Act ("CAA"), 42 U.S.C. § 7401 *et seq.*, and the declaratory judgment statute, 28 U.S.C. §§ 2201, 2202.

2. Plaintiffs seek an order declaring that Defendants, the United States Environmental Protection Agency ("EPA"), through EPA Administrator Lee Zeldin are required pursuant to 42 U.S.C. § 7661d(b)(2) to grant or deny a Petition to Object ("Petition") filed by Plaintiffs and other groups. The Petition requests that the Administrator object to Title V Permit No. T089-46943-

00121 ("Permit" or "Proposed Permit") issued by the Indiana Department of Environmental Management ("IDEM") to United States Steel Corporation ("U.S. Steel") authorizing operation of U.S. Steel's Gary Works integrated steel mill ("Gary Works" or "Facility"). *See* Exhibit 1 (Petition to Object to Permit) (attachments omitted). Plaintiffs also seek an order requiring the Administrator to perform his non-discretionary duty to grant or deny the Petition.

## JURISDICTION, VENUE AND NOTICE

3.      This is a CAA citizen suit against the EPA Administrator and EPA for failing to perform a non-discretionary act or duty under the CAA. This Court has jurisdiction over this action pursuant to the citizen suit provision of the CAA, 42 U.S.C. § 7604(a), and under federal question jurisdiction, 28 U.S.C. § 1331. The Administrator is an agent of the United States Government. Thus, this Court has subject matter jurisdiction over the claims set forth in this complaint pursuant to 28 U.S.C. §§ 1331 (federal question) and 1346 (United States as defendant). This Court has the authority to award attorneys' fees pursuant to 42 U.S.C. § 7604(d).

4.      An actual case or controversy exists between the parties. This case does not concern federal taxes, is not a proceeding under 11 U.S.C. §§ 505 or 1146 and does not involve the Tariff Act of 1930. Therefore, this Court has jurisdiction to order declaratory relief under 28 U.S.C. § 2202 and 42 U.S.C. § 7604(a). If the Court orders declaratory relief, 28 U.S.C. § 2202 and 42 U.S.C. § 7604(a) additionally authorize this Court to issue injunctive relief. Furthermore, 42 U.S.C. § 7604(d) authorizes this Court to award Plaintiffs' costs and attorneys' fees.

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(e) because a substantial part of the events and omissions giving rise to the Plaintiffs' claims occurred in the District of Columbia. EPA is headquartered at 1200 Pennsylvania Avenue, NW, Washington, D.C. and the Administrator Zeldin and Agency perform their official duties in this district.

6.      By letter dated September 3, 2025, Plaintiffs provided the EPA Administrator with 60-days written notice of the organizations' intent to bring suit over the failure of EPA to respond to their Petition. Exhibit 2. Plaintiffs provided this notice via certified mail, return receipt requested, pursuant to 42 U.S.C. § 7604(b)(2) and in accordance with 40 C.F.R. § 54. Notice is deemed given on the postmark date, if served by mail. *See* 40 C.F.R. § 54.2. The 60-day deadline has passed since such notice, and EPA has not granted or denied Plaintiffs' Petition.

## **PARTIES**

7.      Plaintiff Environmental Law & Policy Center ("ELPC") filed the Petition and is a 501(c)(3) nonprofit member-based organization headquartered in Chicago with a presence throughout the Midwest and the District of Columbia. ELPC's mission is to ensure that all people in the Midwest have healthy clean air to breathe, safe clean water to drink, and can live in communities without toxic threats.

8.      Plaintiff Environmental Integrity Project ("EIP") filed the Petition and is a national 501(c)(3) nonprofit, nonpartisan organization based in Washington, D.C. that empowers communities and protects public health and the environment by investigating polluters, holding them accountable under the law, and strengthening public policy on toxic air pollution and other environmental health issues. EIP works for more effective enforcement of environmental laws.

9.      Plaintiff Gary Advocates for Responsible Development ("GARD") filed the Petition and is a 501(c)(3) nonprofit based in Gary, Indiana. GARD is a grassroots citizens' group that promotes economic development in the City of Gary that prioritizes environmental justice, community health, and protection of our neighborhoods and natural resources.

10.     Plaintiff Just Transition Northwest Indiana ("JTNWI") filed the Petition and is a 501(c)(3) nonprofit that serves communities throughout Northwest Indiana. JTNWI is a grassroots

environmental justice organization committed to educating and organizing Northwest Indiana communities and workers, giving voice to shared stories, and supporting a just transition to a regenerative economy that protects the environment, public health, climate, and the well-being of future generations.

11.    ELPC, EIP, GARD, and JTNWI, collectively "Plaintiffs," are "person[s]" within the meaning of 42 U.S.C. § 7602(e). As such, Plaintiffs may commence a civil action pursuant to 42 U.S.C. § 7604(a).

12.    Defendant Lee Zeldin is the Administrator of the EPA. The Administrator is responsible for implementing the CAA, including the requirement to grant or deny the Plaintiffs' Petition within 60 days of receiving it. Administrator Lee Zeldin is sued in his official capacity.

13.    Defendant United States Environmental Protection Agency is the federal agency charged by Congress with the duty to administer the CAA, including the mandatory duties at issue in this case.

## LEGAL FRAMEWORK

14.    Congress enacted the CAA to "speed up, expand, and intensify the war against air pollution in the United States with a view to assuring that the air we breathe throughout the Nation is wholesome once again." H.R. Rep. No. 91-1146, 91st Cong., 2d Sess. 1, 1, (1970) *as reprinted in* 1970 U.S. Code Cong. & Admin. News 5356, 5356. The CAA aims "to protect and enhance the quality of the Nation's air resources." 42 U.S.C. § 7401(b)(1).

15.    To meet this goal, the 1990 amendments to the CAA created the Title V permit program—an operating permit program that applies to all major sources of air pollution. 42 U.S.C. §§ 7661–7661f.

16.     The Title V permitting program aims to reduce violations of the CAA and improve enforcement by recording in a single document all the air pollution control requirements that apply to a major source. Major sources cannot legally discharge pollutants into the air unless they have a valid Title V operating permit. 42 U.S.C. § 7661a(a).

17.     U.S. Steel's Gary Works is a major source subject to Title V permitting requirements.

18.     Congress charged EPA with administering Title V, *see* 42 U.S.C. § 7661a(b), but the CAA provides that EPA may approve state programs to administer the Title V permitting program with respect to sources within their borders. 42 U.S.C. § 7661a(d).

19.     EPA fully approved Indiana's administration of its Title V permit program in 2001. *See* 66 Fed. Reg. 62,969 (December 4, 2001). The Indiana Department of Environmental Management ("IDEM") is responsible for issuing, monitoring, and enforcing Title V permits in Indiana. The CAA and applicable regulations require Title V permits to be renewed every five years.

20.     Before IDEM can issue a final Title V permit, it must forward the permit to EPA. *See* 42 U.S.C. § 7661d(a)(1)(B). EPA then has 45 days to review the proposed permit. *See* 42 U.S.C. § 7661d(b)(1). The EPA Administrator must object to the issuance of the permit if the Administrator determines that the permit does not comply with all applicable provisions of the CAA. *Id.*

21.     If the EPA Administrator does not object to the issuance of a Title V permit within its 45-day review period, "any person may petition the Administrator within 60 days after the expiration of the 45-day review period" to object to the proposed permit. 42 U.S.C. § 7661d(b)(2).

22.    Once the EPA Administrator receives such a petition, the CAA requires that "[t]he Administrator shall grant or deny such petition within 60 days after the petition is filed." *Id.*

23.    If the EPA Administrator fails to comply with a duty that is not discretionary, such as acting on a Title V petition within the statutorily mandated timeframe, the CAA allows any person to bring suit to compel EPA to perform its duty. *See* 42 U.S.C. § 7604(a)(2).

24.    Parties must give the EPA Administrator written notice at least 60 days before filing suit to compel mandatory action under the CAA. *See* 42 U.S.C. § 7604(b)(2). Notice is deemed given on the postmark date, if served by mail. *See* 40 C.F.R. § 54.2.

25.    Courts are authorized to award costs of litigation, "including reasonable attorney and expert witness fees," in issuing any final order in any action filed under 42 U.S.C. § 7604(a)(2) of the CAA. 42 U.S.C. § 7604(d).

**FACTUAL BACKGROUND**

26.    Gary Works emits a wide array of pollutants including particulate matter, nitrogen oxides, volatile organic compounds ("VOCs"), and hazardous air pollutants ("HAPs") which all have a significant impact on public health and the environment.

27.    Many Gary residents, including members of one or more Plaintiffs, suffer from various adverse health impacts resulting from chronic exposure to air pollution which the Facility contributes. These impacts include inflammatory responses in the cardiovascular system, immune system, central nervous system, and kidneys, adverse effects on maternal-fetal and reproductive health, increased asthma rates, increased ER visits, increased premature deaths, increased risk of heart attacks and stroke, and increased rates of lung cancer. *See* Adverse Health Effects from Indiana's Integrated Primary Steel Mills, GARD, https://www.garygard219.org/ (last visited Oct. 21, 2025).

28.    Gary Works is in Lake County, Indiana, which is in serious nonattainment for the 8-Hour Ozone (2015) National Ambient Air Quality Standards ("NAAQS"). *See* Green Book 8-Hour Ozone (2015) Area Information, U.S. Environmental Protection Agency, https://www.epa.gov/green-book/green-book-8-hour-ozone-2015-area-information (last visited Oct. 21, 2025).

29.    Both VOCs and nitrogen oxides, which Gary Works emits in high quantities, contribute to ground-level ozone. Ozone is dangerous to human health because it can cause respiratory irritation, trigger asthma attacks, worsen lung disease, harm lung tissue, and even cause premature death. *See* Health Effects of Ozone Pollution, U.S. Environmental Protection Agency, https://www.epa.gov/ground-level-ozone-pollution/health-effects-ozone-pollution (last visited Oct. 21, 2025).

30.    Current health-based air quality standards limit concentrations of ozone in the air to no more than 0.070 parts per million over an eight-hour period. *See* 40 C.F.R. § 50.19. However, Lake County, where Gary Works is located, is in the range of 0.093-0.105 parts per million. *See* Ozone Designation and Classification Information, U.S. Environmental Protection Agency, https://www.epa.gov/green-book/ozone-designation-and-classification-information (last visited Oct. 21, 2025) (defining the range of exceedance classified as "serious").

31.    On April 29, 2024, Plaintiffs submitted public comments to IDEM on the draft renewal of the Title V permit for Gary Works permit No. T089-46943-00121. Exhibit 3. IDEM submitted the proposed renewal permit to EPA for its review on March 21, 2025, and issued the final renewal permit to Gary Works on May 7, 2025. On July 3, 2025, Plaintiffs filed a petition requesting the Administrator object to the issuance of the renewed Title V permit. Exhibit 1.

32.     Plaintiffs' comments and subsequent petition addressed the renewal permit's failure to include: (1) adequate monitoring requirements to assure compliance with applicable numeric particulate matter emission limits at multiple units, (2) adequate and enforceable monitoring requirements to assure compliance with applicable Lake County opacity limits, (3) adequate and enforceable monitoring requirements to assure compliance with applicable coal pulverization PM limits, (4) any compliance monitoring, recordkeeping, and reporting requirements to assure compliance with blast furnace PM limits, and (5) required compliance, corrective action, and operation and maintenance plans.

33.     42 U.S.C. § 7661d(b)(2) requires the EPA Administrator to grant or deny Plaintiffs' Petition within 60 days after filing. That deadline is passed.

34.     Pursuant to 42 U.S.C. § 7604(b)(2), Plaintiffs sent a notice of intent to sue letter to EPA for EPA's failure to respond to the above-mentioned Title V Petition on September 3, 2025, giving the agency 60 days to respond. Exhibit 2.

35.     More than 60 days have elapsed since Plaintiffs sent the EPA Administrator its notice of intent to file suit.

36.     As of the filing of this Complaint, the Defendants have not granted or denied the Petition.

## CLAIM FOR RELIEF

### Failure to Timely Grant or Deny Plaintiffs' Petition

37.     Plaintiffs incorporate by reference the allegations and information in paragraphs 1 through 36 of this Complaint, as if set forth in full herein.

38.     Plaintiffs filed the Petition seeking objection to the U.S. Steel Gary Works Title V renewal permit, permit No. T089-46943-00121, with the EPA Administrator on July 3, 2025,

within 60 days of the conclusion of EPA's 45-day review period in which the Administrator did not object to the permit.

39.     Pursuant to 42 U.S.C. § 7661d(b)(2), the Administrator had a nondiscretionary duty to grant or deny the Petition within 60 days after it was filed, or by September 1, 2025.

40.     Defendants did not grant or deny the Petition within 60 days. As of the date of this Complaint, Defendants still have not granted or denied the Petition.

41.     Pursuant to 42 U.S.C. § 7661d(b)(2), Defendants have violated and continue to violate the CAA with respect to the Plaintiffs' Petition.

42.     This CAA violation constitutes a "failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator" within the meaning of the CAA's citizen suit provision. 42 U.S.C. § 7604(a)(2).

43.     Defendants' violation imposes a statutorily defined procedural injury on Plaintiffs.

44.     Defendants' violation is ongoing and would continue unless remedied by this Court.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment providing the following relief:

A.     A declaration that Defendants violated the CAA by failing to grant or deny within 60 days of the Plaintiffs' Petition requesting that the Administrator object to the Title V permit renewal for Gary Works;

B.     An order compelling Defendants to grant or deny the Plaintiffs' Petition for an objection to the Title V permit by dates certain, in accordance with an expeditious schedule prescribed by the Court, but no later than 60 days after entry of the order, and to publish in the

Federal Register a notice granting or denying the Petition within ten working days following the

Administrator's decision;

C.      An order retaining jurisdiction over this matter to enforce and effectuate the Court's

order, until such time as Defendants have fully complied with their mandatory duties under the

CAA;

D.      An order awarding Plaintiffs' costs of litigation, including reasonable attorneys' and

expert fees; and

E.      Such other and further relief as the Court deems just and proper.

DATE: June 23, 2026                                     Respectfully submitted,


                                                        /s/ Brian H. Lynk
                                                        Environmental Law & Policy Center
                                                        740 15th Street NW, Suite 700
                                                        Washington, DC 20005
                                                        (240) 461-4241
                                                        blynk@elpc.org
                                                        D.C. Bar Number: 459525

                                                        /s/ Abel Russ
                                                        Abel Russ (D.C. Bar No. 1007020)
                                                        888 17th Street, NW
                                                        Suite 810
                                                        Washington, DC 20006
                                                        aruss@environmentalintegrity.org
                                                        Tel: 802-482-5379